UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARINA CONERLY,<br><br>             Plaintiff,<br><br>     v.<br><br>KARA UEDA and GREGORY DWYER,<br><br>             Defendants. | No. 2:25-cv-2312 DJC AC PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff paid the filing fee and is proceeding in this matter pro se; pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff initially filed her complaint on August 14, 2025. ECF No. 1. Defendants moved to dismiss. ECF No. 7. Plaintiff responded by filing a First Amended Complaint. ECF No. 10. Defendants filed a motion to dismiss the First Amended Complaint. ECF No. 14. Plaintiff opposed the motion (ECF No. 16) and also filed a Second Amended Complaint. ECF No. 17. The Second Amended Complaint is nearly identical to the First Amended Complaint, except that it contains as an attachment including legal argument and copies of documents filed in state family court. ECF No. 17 at 11-133. For the reasons set forth below the undersigned recommends defendants' motion to dismiss be GRANTED and that this case be dismissed without leave to amend.

////

////

1

## I. Background

### A. The Operative Complaint

First, the court notes that the First Amended Complaint (ECF No. 10) is the operative complaint in this case. Federal Rule of Civil Procedure 15(a) allows a party to "amend its pleading <u>once</u> as a matter of course no later than" 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1) (emphasis added). Plaintiff already took advantage of this Rule by responding to defendants' initial motion to dismiss with the First Amended Complaint. Plaintiff did not have a right to amend her complaint a second time in response to the second motion to dismiss, except "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff did not have consent or leave of court, and accordingly the Second Amended Complaint was improperly filed, and the First Amended Complaint (ECF No. 10) remains the operative complaint in this case.[1]

Plaintiff sues judicial officer Kara Ueda and court commissioner Gregory Dwyer, asserting constitutional violations and tort claims related to child support and custody hearings over which they presided. ECF No. 10 at 4, 8. Plaintiff alleges that the judicial defendants conspired against her and violated her rights via their orders, including "court orders in which plaintiff was required to violate her doctor order that has ordered her to not work if her state employer refuses to comply." ECF No. 10 at 4, 8. Plaintiff alleges the family court judicial defendants "used frauded and forged documents to establish custody, computers, printers, and other home and home's security systems damaged. Wi Fi jammers used on our home, (EMFs), waves (electric and magnetic fields) often called radiation, in our homes and bodies; sabotaged our cases." <u>Id.</u> at 9. Plaintiff asks for an emergency injunction of pending custody and child support proceedings, and $6,000,000.00 in punitive damages. <u>Id.</u>

### B. Motion to Dismiss

Defendants move to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ.

---

[1] The court reviewed the Second Amended Complaint for the purpose of determining whether leave to amend is appropriate. The Second Amended Complaint does not cure any of the problems presented by the operative First Amended Complaint.

P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8(a).  ECF No. 14 at 5.

## II. Analysis

### A. Lack of Subject Matter Jurisdiction

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges a federal court's jurisdiction over the subject matter of a complaint. A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence (a "factual attack").  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.  Here, defendants assert a facial attack, arguing that this case is barred by Eleventh Amendment sovereign immunity and absolute judicial immunity.  ECF No. 14 at 8-11.

#### 1. The Eleventh Amendment Bars this Case

Defendants are correct that this case is barred by the Eleventh Amendment.  The application of an Eleventh Amendment defense is a jurisdictional question.  Edelman v. Jordan, 415 U.S. 651, 677-678 (1974).  "The Eleventh Amendment bars individuals from bringing lawsuits against a state for money damages or other retrospective relief." Arizona Students' Ass'n v. Arizona Bd. of Regents, 824 F.3d 858, 864 (9th Cir. 2016); see also Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").

"State officials sued in their official capacities are generally entitled to Eleventh Amendment immunity." Lund v. Cowan, 5 F.4th 964, 969 (9th Cir. 2021).  The Eleventh Amendment applies to state court judges.  See id. ("The Eleventh Amendment thus applies to Judge Cowan, who serves as a state court judge and is being sued in his official capacity."); see

3

1  also Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003)
2  ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees),
3  because such suits are barred by the Eleventh Amendment."). Further, "the Eleventh Amendment
4  does not permit retrospective declaratory relief." Lund, 5 F.4th at 969 (citing Arizona Students'
5  Ass'n, 824 F.3d at 865). "[I]n general, 'relief that in essence serves to compensate a party injured
6  in the past by an action of a state official in his official capacity that was illegal under federal law
7  is barred even when the state official is the named defendant,' while 'relief that serves directly to
8  bring an end to a present violation of federal law is not barred by the Eleventh Amendment even
9  though accompanied by a substantial ancillary effect on the state treasury.' " Id. at 970 (quoting
10 Papasan v. Allain, 478 U.S. 265, 278 (1986)).

11   Here, although plaintiff does not specifically state that Judge Ueda and Commissioner
12 Dwyer are sued in their official capacities, the First Amended Complaint contains only
13 allegations pertaining to the defendants' actions taken as judicial officers presiding over
14 plaintiff's state court proceedings. See generally, ECF No. 10. Plaintiff's reply brief confirms
15 this, arguing that Judge Ueda and Commissioner Dwyer have put together an unconstitutional
16 system to force child support upon plaintiff. ECF No. 16 at 4. Plaintiff argues that Judge Ueda
17 and Commissioner Gregory are using documents that were forged by her child's other parent to
18 award the other parent custody. Id. at 5. All of plaintiff's allegations and arguments plainly
19 pertain to defendants' actions as judicial officers acting in their official capacity. Accordingly,
20 the undersigned concludes the suit is barred by the Eleventh Amendment.

21          2.  Judicial Immunity Bars this Case

22   Judicial immunity also deprives this court of subject matter jurisdiction. "It is well settled
23 that judges are generally immune from suit for money damages." Duvall v. County of Kitsap,
24 260 F.3d 1124, 1133 (9th Cir. 2001). Judicial immunity applies only to judicial acts, and not to
25 "the administrative, legislative, or executive functions that judges may on occasion be assigned
26 by law to perform." Forrester v. White, 484 U.S. 219, 227 (1988). To determine whether an act
27 is judicial, we consider these factors: whether "(1) the precise act is a normal judicial function; (2)
28 the events occurred in the judge's chambers; (3) the controversy centered around a case then

pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." Duvall, 260 F.3d at 1133 (cleaned up).

As explained above, the operative complaint clearly challenges judicial acts by asserting that the defendants issued unconstitutional orders in a state court child support and custody case. Plaintiff alleges the judicial defendants "unprocedurally made a finding and recommendation that was unbelievable complicated complex, too many things to do for seeking employment" and unconstitutionally "wiped away" the debts and child support owed to her. ECF No. 10 at 8. It is clear that plaintiff is challenging court orders, and this type of challenge is plainly barred by the doctrine of judicial immunity, which "ensures that challenges to judicial rulings are funneled through more efficient channels for review like the appellate process." Lund v. Cowan, 5 F.4th 964, 971 (9th Cir. 2021). Because the only two defendants in this case are absolutely immune from suit, this case must be dismissed.

### B. Failure to State a Claim

Even if the court had subject matter jurisdiction, this case must be dismissed because it fails to state any legal claim upon which relief can be granted. "The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

"Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" Zixiang Li v. Kerry, 710 F.3d 995, 998 (9th Cir. 2013) (quoting Twombly 550 U.S. at 556 n.3). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[']" does not satisfy Rule 8's pleading requirements. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

The statutory basis for plaintiff's case is not clear, and for this reason alone, the complaint fails to comply with Fed. R. Civ. P. 8(a).  However, plaintiff does reference the United States Constitution, and so it could be inferred that she is attempting to bring suit pursuant to 42 U.S.C. § 1983.  "To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  The operative complaint is difficult to understand and does not clearly connect facts to causes of action.  Plaintiff makes many conclusory statements and uses disconnected legal language, but there is no clear statement of facts indicating that any specific constitutional violation occurred.  The vague and conclusory allegations of the First Amended Complaint do not support any cause of action against the defendants, and accordingly, this case should be dismissed for the additional reason that it does not comply with Fed. R. Civ. P. 12(b)(6) or 8(a).

### III.   Leave to Amend Is Not Appropriate

"Although a district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." Zixiang Li, 710 F.3d 995, 999 (9th Cir. 2013) (internal citations omitted).  Here, plaintiff has previously amended as of right and has submitted a proposed second amended complaint, but neither attempt at amendment has yielded a viable cause of action or suggests that one is available.  The immunities conferred by the Eleventh Amendment and the doctrine of judicial immunity cannot be overcome by additional or clearer actual allegations.  It is apparent from the contents of the First Amended Complaint that the defects presented cannot be cured, and that leave to amend would be futile.  Accordingly, the undersigned recommends this case be dismissed without leave to amend.

### IV.   Pro Se Plaintiff's Summary

The magistrate judge is recommending that this case be dismissed without leave to amend.  The federal court is not able to review the rulings or stop the proceedings of state family court.  If

////

you disagree with this recommendation, you may file objections within 21 days. The district judge will make the final decision.

### V. Conclusion

Accordingly, the undersigned recommends as follows:

1. That the motion to dismiss at ECF No. 14 be GRANTED; and
2. That this case be DISMISSED in its entirety for lack of jurisdiction, and the case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 29, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE